# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5417 | **DATE** | 11/19/2001 |
| **CASE TITLE** | Daniel Crosby et al. Vs. Bd of Trustees of Ill. etc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. City College now moves to dismiss counts II and III and the individual defendants join in the motion to dismiss count II. The motion to dismiss count II is granted and to dismiss count III is denied. Status hearing set for December 13, 2001 at 9:45am.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DANIEL CROSBY and MICHAEL SHAWN CHISM,

    Plaintiffs,

v.

BOARD OF TRUSTEES OF ILLINOIS COMMUNITY COLLEGE DISTRICT 508, a/k/a THE CITY COLLEGES OF CHICAGO DAN DAVIS and KATHLEEN WELCH,

    Defendants.

No. 01 C 5417

Judge Moran

Magistrate Judge Nolan

## MEMORANDUM ORDER AND OPINION

Plaintiffs contend that they were former employees of college athletic departments who were not paid the compensation to which they were entitled. According to plaintiff Crosby, he was told, falsely, that he was the Malcolm X basketball coach (although he then alleges that he singlehandedly coached the team); that he worked at least thirty-five hours a week and often in excess of forty hours; and that he was paid only for twenty to twenty-five hours each week. According to plaintiff Chism, he was hired to be the assistant athletic director at Kennedy-King at an annual salary of $32,000 and that arrangements would be made to get him an additional position of academic counselor. Instead, he was paid $15 per hour for less hours per week than he actually worked and he never did get the other position. From those circumstances, they allege an FLSA violation in Count I, fraud in Count II and breach of contract in Count III. All these counts are alleged against City Colleges and two individual defendants are also named in

Count II. City College now moves to dismiss Counts II and III and the individual defendants join in the motion to dismiss Count II. The motion to dismiss Count II is granted and to dismiss Count III is denied.

Both plaintiffs allege they were not paid the compensation to which they were entitled. That is enough for a contract claim (although, with respect to Crosby, it apparently doesn't add anything to his FLSA claim). We do not understand, however, his fraud claim. He says he was supposed to be head coach, he was head coach, and City Colleges agrees. Chism's fraud claim has a little more heft to it, but not enough. He alleges that certain promises were not kept but he does not allege that when they were made Welch knew them to be false and made the misrepresentation as part of a continuing scheme to defraud. He also relies upon Welch's representations "from time to time" that she was trying to get him additional compensation without specifying where or when and without alleging that the representations were untrue. For all we know from the allegations, she may well have been trying even though she did not succeed.

                                                        James B. Moran
                                                       Senior Judge, U.S. District Court

Dated: November 19, 2001